IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ALICE L. TAPP | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-1580-M |
| v. | § | |
| | § | |
| MEAD JOHNSON & CO. | § | |
| d/b/a MEAD JOHNSON | § | |
| NUTRITIONALS, | § | |
| BRISTOL-MYERS SQUIBB CO., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for a New Trial [Docket Entry #150]. After careful consideration of the Motion, applicable law, and supporting briefs, the Court hereby **DENIES** the Motion in its entirety.

### BACKGROUND

Alice Tapp ("Plaintiff") filed suit against her former employers, Mead Johnson & Co. and Bristol-Myers Squibb Co. ("Defendants") on August 30, 2006. The Complaint alleged that Defendants wrongfully discriminated against Plaintiff on account of her race and/or gender in terminating her employment. On September 5, 2008, the case was tried by a jury, and a verdict was returned for the Defendants. Accordingly, this Court entered judgment in favor of the Defendants and ordered that Plaintiff take nothing on her claims. Plaintiff then filed this Motion for a New Trial pursuant to Federal Rule of Civil Procedure Rule 59. Plaintiff alleges that a new trial is warranted because: 1) the jury's verdict was against the great weight of the evidence; and/or 2) the Court improperly excluded "extensive and substantial evidence" relating to the Defendants' discrimination against the Plaintiff and thereby denied her a fair trial.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action of law in federal court. . . ."[1] While this rule does not enumerate specific grounds for granting a new trial, it is well understood that a new trial is appropriate where (1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error.[2] However, Rule 59 motions cannot be used as an avenue for losing parties to attempt to re-litigate matters decided by the jury.[3]

The decision to grant or deny a motion for new trial is within the sound discretion of the trial court.[4] The trial court's decision should be based on its assessment of the fairness of the trial, and the reliability of the jury's verdict.[5] Though a new trial may be warranted where the verdict is against the great weight of the evidence, unless the evidence is of such weight and quality that a reasonable and impartial juror *could not possibly* arrive at the verdict reached, the findings of the jury should be upheld.[6]

Additionally, the party seeking a new trial based on alleged erroneous evidentiary rulings has the burden of proving the error actually prejudiced a substantial right of that party.[7] Relevance and prejudice under Federal Rules of Evidence 401 and 403 are determined in the context of the specific facts and arguments in a particular case, and are therefore generally not

---

[1] FED. R. CIV. P. 59(a)(1).
[2] *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991); *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985).
[3] *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993); *see also Morris v. Lee*, No. 98-1656, 2001 WL 30199 at *1 (E.D. La. Jan. 10, 2001).
[4] *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).
[5] *Seidman*, 923 F.2d at 1140.
[6] *Chemical Distribs., Inc. v. Exxon Corp.* 1 F.3d 1478, 1483 (5th Cir. 1993); *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 768 (5th Cir. 1973).
[7] *See Munn v. Algee*, 924 F.2d 568, 571 (5th Cir. 1991).

amenable to broad *per se* rules.[8]

To prove unlawful discrimination in this case, the Plaintiff was required to prove by a preponderance of the evidence that Defendants terminated the Plaintiff's employment because of her race and/or gender.[9] A plaintiff seeking to introduce evidence of similar occurrences for purposes of comparison where disparate treatment is alleged must prove that both the "misconduct" and the "circumstances" of the proposed comparator are "nearly identical" to that of the plaintiff.[10] Evidentiary determinations regarding comparators cannot be achieved by applying a *per se* rule, and the trial court must conduct a fact-specific analysis, taking into account the plaintiff's circumstances and theory of the case.[11] However, the Fifth Circuit has repeatedly looked to whether the employees to be compared have different responsibilities, supervisors, capabilities, disciplinary records, or alleged rule violations when deciding if the comparators are "nearly identical," and consequently whether evidence relating to them is properly admissible under the Federal Rules of Evidence.[12]

## ANALYSIS

### A. Sufficiency of the Evidence

In short, the Court finds that the evidence produced at trial was clearly sufficient to support the jury's verdict. Plaintiff argues that the Defendants' reason for dismissing her was merely a pretext for racial and gender discrimination. Specifically, Plaintiff claims the "only posited non-discriminatory" basis for distinguishing the treatment of Plaintiff from that of Miller

---

[8] *See Spring/United Mgmt. Co. v. Mendelsohn*, __ U.S. __, 128 S. Ct. 1140, 1147 (2008) (citing to Federal Rule of Evidence 401 Advisory Committee notes which state "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").
[9] *See* Fifth Circuit Model Jury Instruction 11.5.1. This type of discrimination is often referred to as "disparate treatment" discrimination.
[10] *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (2004) (citing *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).
[11] *Mendelsohn*, 128 S. Ct. at 1147.
[12] *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514-15 (5th Cir. 2001).

(a Caucasian male employee who was simultaneously investigated for violating Defendants' sexual harassment policy) was that Plaintiff inappropriately touched an employee, and Miller did not. However, Plaintiff argues that this act of touching was not sexual in nature, did not qualify as harassment, and that therefore the jury's verdict in favor of the Defendants was against the great weight of the evidence.

During the trial Defendants offered evidence to prove that the decision to fire Plaintiff was made after considering an inappropriate sexual conversation in which both Plaintiff and Miller participated, *as well as* the touching incident involving the Plaintiff. According to the testimony at trial, both employees violated the sexual harassment policy by participating in the sexual conversation, and sanctions for this behavior were warranted. However, the Defendants argued at trial that the *touching* was so inappropriate that it warranted additional sanctions against Plaintiff – i.e., termination of her employment.

Plaintiff characterizes the evidence she presented at trial to discredit this explanation as "overwhelming" and "substantial." The Court, however, after considering all the evidence produced at trial, finds that credible evidence was offered in support of both the Plaintiff and the Defendants' positions. Importantly, it is within the province of the jury to weigh evidence, assess witnesses' credibility, and resolve conflicts in competing trial testimony. Nothing in this case indicates a failure on the part of the jury to perform these tasks properly. The jury was given two plausible explanations for Plaintiff's termination, and was entitled to find in favor of the Defendants based upon the evidence presented. Because the Court finds the jury's verdict was supported by legally sufficient evidence, the Court will not grant a new trial on this basis.

**B.     Exclusion of Evidence**

Plaintiff also claims a new trial is warranted because the Court improperly excluded

"critical contextual evidence" the jury needed to fairly assess Defendants' explanation for Plaintiff's termination. Because Defendants assert that the decision to fire Plaintiff was because she violated the sexual harassment policy, Plaintiff argues that the "universe of similarly situated employees necessarily broadens" to include any employee subject to that policy. However, the Court rejects this contention, and finds that it was required to, and did in fact consider whether the comparators were similarly situated in deciding whether to admit such evidence.[13]

To prove her comparators were similarly situated, the Plaintiff must show both the "misconduct" and the "circumstances" of the proposed comparator employee(s) are "nearly identical" to her own.[14] Evidentiary determinations regarding comparators cannot be achieved by applying a *per se* rule, so the Court must conduct a fact-specific analysis.[15] Accordingly, the following is a summary of the evidence Plaintiff sought to introduce at trial and now avers was erroneously excluded:

1) Evidence of inappropriate jokes and comments made by two employees (which resulted in one formal complaint against a district manager);
2) Evidence of employees attending strip clubs following work-related events;
3) Evidence of an employee dancing closely with two other employees; and
4) Evidence of an employee taking a "body shot" at a bar after a work-related event.

This Court concluded before trial that the comparators identified by Plaintiff did not qualify as "similarly situated" under the law. In *Wallace v. Methodist Hospital System*, the Fifth Circuit provided the very strict standard that must be met by a plaintiff before evidence about a

---

[13] *See e.g.*, *Mendelsohn*, 128 S. Ct. at 1144; *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001); *Little*, 924 F.2d at 97.
[14] *See Perez*, 395 F.3d at 213.
[15] *See Mendelsohn*, 128 S. Ct. at 1147.

comparator is considered "nearly identical," and thus admissible at trial.[16] To meet this standard, Plaintiff was required to offer evidence of a comparator that participated in sufficiently similar misconduct, which the Plaintiff ultimately failed to do.

Except for Miller's participation in the sexual conversation along with the Plaintiff, none of the proposed comparators participated in an inappropriate sexual dialogue while at a work-related event. Furthermore, none of the proposed comparators touched a subordinate on a part of the body not touched in usual social conduct while at a company event. Finally, while the supervisors involved in the decision to terminate Plaintiff's employment were allegedly aware of some of the other instances of alleged misconduct, a formal complaint was filed in only one of these situations. The Court does not agree that supervisors are responsible for disciplining behavior they never learn of and/or that is never reported. In the sole instance involving a formal complaint, Plaintiff cites to a *statement* uncovered during the course of the investigation following the formal complaint, but does not identify the underlying *conduct* that gave rise to the complaint in the first place. However, the conduct giving rise to that complaint is the only conduct potentially relevant to the Plaintiff's case.

As a result, the Court finds that the evidence cited by Plaintiff does not amount to evidence of similarly situated comparators and as such, was properly excluded at trial. The Court therefore will not grant a new trial on this basis.

## CONCLUSION

Having considered the facts, arguments, and legal theories of this case, the Court finds the verdict legally supported and not against the great weight of the evidence. Furthermore, after careful review of the evidence excluded from trial relating to alleged comparator employees, the Court finds the conduct and circumstances were not similarly situated to the Plaintiff and that the

---

[16] *Wallace*, 271 F.3d at 221.

evidence was properly excluded. Therefore, finding no grounds for the grant of a new trial, the Court hereby **DENIES** Plaintiff's Motion for New Trial.

**SO ORDERED** this 20th day of February, 2009.

**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**